IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| TAWANNA S WILSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. |
| v. | : | 3:22-CV-66 (CAR) |
| | : | |
| JUDGE MEGAN COILE, KELLI | : | |
| PARADISE SMITH, and ALISON | : | |
| HAYNES, | : | |
| | : | |
| Defendants. | : | |

_____

ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS

Currently before the Court is Plaintiff Tawanna Wilson's Motion to Proceed *In Forma Pauperis* ("IFP") [Doc. 2].  Plaintiff, proceeding *pro se*, seeks to initiate a lawsuit against Oglethorpe County Magistrate Judge Coile and Oglethorpe County Court Clerks Kelli Smith and Alison Haynes for alleged violations of the Fourteenth Amendment and the Civil Rights Act. For the reasons explained below, the Court **GRANTS** Plaintiff's Motion to proceed IFP [Doc. 2]. But, because each Defendant is entitled to judicial immunity or quasi-judicial immunity, Plaintiff's claims must be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

1

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP affidavit, "absent serious misrepresentation."[3] Although a litigant need not show she is "absolutely destitute" to qualify under § 1915(a), she must show that "because of [her] poverty, [she] is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents."[4]

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that she cannot pay the court fees because of her poverty. Plaintiff states she earns $118.49 a month from her job and receives $441.00 in public assistance from the Supplemental Nutrition Assistance Program (SNAP).[5] Plaintiff does not have a bank account or any

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306, n. 1 (11th Cir. 2004).

[2] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

[3] *Id.*

[4] *Id.* (citation omitted).

[5] Doc. 5, p. 1, 2.

significant assets, and she has a thirteen-year-old son.[6] Thus, Plaintiff qualifies as a pauper under §1915, and her Motion [Doc. 2] is **GRANTED**.

### B. Preliminary Screening

Because Plaintiff is proceeding IFP, the Court is required to screen her Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[7] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[8]

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless," or when it is apparent that "the defendant's absolute immunity justifies dismissal before service of process."[9] As a result, "[d]ismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face'"[10] and is

---

[6] *Id.* at p. 1-3.
[7] 28 U.S.C. § 1915(e)(2)(b).
[8] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[9] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).
[10] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).

governed by the same standard as a dismissal under Federal Rule of Civil Procedure

12(b)(6).[11] However, *pro se* "pleadings are held to a less stringent standard than pleadings

drafted by attorneys and will, therefore, be liberally construed."[12]

Plaintiff alleges Judge Coile, Smith, and Haynes violated her Fourteenth

Amendment rights and the Civil Rights Act. In support of these claims, she alleges:

> I am the OWNER of both the land and property at 11 Beaver Run,
> Winterville, GA 30683. Magistrate Judge Megan Coile obtructed [sic] justice
> by having bias and refusing to accept exculpatory evidence that invalidated
> all accusations brought by a relative who unfortunately only held a deed
> (Color of Title) which no longer held any force because my Uncle Tony who
> left it to me adversely possessed both the land and property. This led me to
> needing to appeal an order for unlawful removal/eviction off MY OWN
> LAND AND PROPERTY but when I went to appeal since I could not afford
> the cost of the appeal I obtained and brought documents to appeal In forma
> pauperis and both Kelli Paradise Smith (Superior & Juvenile Court Clerk)
> and Alisa Williams (Civil Deputy Clerk of Superior Court) discriminated
> against me and denied me of due process by not allowing me to submit any
> legal papers required for consideration to proceed as indigent. They were
> only refusing my paperwork which can only lead me to believe that this
> was being intentionally done based on my race and I am an American
> Indian.[13]

As is its duty, the Court has liberally construed Plaintiff's complaint as an action

alleging racial discrimination in violation of 42 U.S.C. § 1981. Title 42 U.S.C. § 1981(a)

creates a federal right of action for victims of certain types of racial discrimination: "all

persons . . . shall have the same right in every State and Territory to make and enforce

---

[11] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).
[12] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).
[13] Plaintiff's Complaint, Doc. 1 at p.4.

4

contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." "To state a claim of non-employment race discrimination under § 1981, a plaintiff must allege facts establishing that: (1) he is a member of a racial minority; (2) the defendant intended to discriminate against him on the basis of race; and (3) the discrimination concerned an activity enumerated in the statute."[14]

Judge Coile is entitled to absolute judicial immunity, and thus, Plaintiff's claims against Judge Coile must be dismissed as frivolous 28 U.S.C. § 1915(e)(2). "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'"[15] Absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."[16] "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity."[17]

---

[14] *Johnson v. Wilbur*, 375 F. App'x 960, 963-64 (11th Cir. 2010) (citing *Rutstein v. Avis Rent-A-Car Systems, Inc.*, 211 F.3d 1228, 1235 (11th Cir. 2000)).

[15] *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

[16] *Id*.

[17] *Id*.

Plaintiff's claims against Judge Coile stem from conduct that occurred while she was acting within her judicial capacity. Plaintiff alleges Judge Coile was biased and refused to accept exculpatory evidence in a case pending before her. Because Judge Coile was acting within her judicial capacity and is thus entitled to absolute judicial immunity, Plaintiff's claims against Judge Coile are **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2).[18]

Plaintiff's claims against Smith and Haynes are also barred by judicial immunity. Plaintiff asserts conclusory allegations devoid of factual support against Smith and Haynes[19] based on the clerks allegedly "not allowing [Plaintiff] to submit any legal papers required for consideration to proceed as indigent."[20] "Court clerks enjoy 'a narrower ambit of immunity than judges.'"[21] But, "[n]onjudicial officials have absolute immunity for their duties that are integrally related to the judicial process."[22] Processing court filings, including applications to appeal *in forma pauperis*, are undoubtedly within a

---

[18] *See Anderson v. Fulton Cty. Gov't*, 485 F. App'x 394 (11th Cir. 2012) (affirming dismissal of a *pro se* plaintiff's claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2) on grounds of absolute judicial immunity).

[19] In Plaintiff's Complaint [Doc. 1], Plaintiff crossed out the name Alisa Williams and replaced it with Alison Haynes. *See* Doc.1 at p. 1, 2. But, Plaintiff's statement of claim still refers to Alisia Williams. The Court assumes this was an oversight, and construes Plaintiff's allegations as applying to Alison Haynes and Kelli Smith.

[20] Doc. 1, at p. 4.

[21] *Hyland v. Kolhage*, 267 F. App'x 836, 842 (11th Cir. 2008) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981)).

[22] *Jenkins v. Clerk of Court, U.S. Dist. Court, So. Dist. Of Fla.*, 150 F. App'x 988, 990 (11th Cir. 2005).

clerk's official duties and integrally related to the judicial process.[23] Therefore, Haynes and Smith are entitled to absolute quasi-judicial immunity. Plaintiff's claims against Haynes and Smith are **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2).[24]

## CONCLUSION

Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED.** But, because each Defendant is entitled to judicial immunity or quasi-judicial immunity, Plaintiff's claims must be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 27th day of June, 2022.

s/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

---

[23] *See Erazo v. Macon-Bibb Cty. Juvenile Court*, No. 5:16-cv-00041-CAR-CHW, 2017 U.S. Dist. LEXIS 69553 (M.D. Ga. May 8, 2017). *See also Johnson v. Brown*, No. 4:22-CV-0056-HLM-WEJ, 2022 U.S. Dist. LEXIS 100126, at *6-7 (N.D. Ga. Apr. 11, 2022) ("[C]ourt clerks, as court employees clearly engaging in court business, enjoy absolute quasi-judicial immunity for their actions. *See*, e.g., *Hyland v. Kolhage*, 267 F. App'x 836, 842 (11th Cir. 2008) (per curiam) ("Court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction. . . .'") (citation omitted); *Roth v. King*, 449 F.3d 1272, 1287, 371 U.S. App. D.C. 254 (D.C. Cir. 2006) ("It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.'") (quoting *Barr v. Matteo*, 360 U.S. 564, 569, 79 S. Ct. 1335, 3 L. Ed. 2d 1434 (1959)); *Grant v. Countrywide Home Loans, Inc.*, No. 1:08-CV-1547-RWS, 2009 WL 1437566, at *5 (N.D. Ga. May 20, 2009) (dismissing claims against calendar clerk for DeKalb County Superior Court Judge because the clerk enjoyed quasi-judicial immunity).

[24] *See Anderson v. Fulton Cty. Gov't*, 485 F. App'x 394 (11th Cir. 2012) (affirming dismissal of a *pro se* plaintiff's claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2) on grounds of absolute judicial immunity).

7